# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CHEN PUI, | 1: 07- CV -0183 AWI DLB HC |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR ENFORCEMENT OF JUDGMENT |
| v. | [Docs. 8, 9, 10, 11] |
| DENNIS SMITH, | |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On February 12, 2007, the Magistrate Judge issued a Findings and Recommendation that recommended the petition be GRANTED and Respondent be ORDERED to consider the appropriateness of transferring Petitioner to a residential re-entry center ("RRC") in light of the factors set forth in 18 U.S.C. §§ 3621(b), not excluding any other factors deemed appropriate by the BOP, without reference to the BOP policy promulgated in December 2002 and without reference to the BOP's February 14, 2005, amendment to 28 C.F.R. § 570.21. The Magistrate Judge recommended Respondent be DIRECTED to make this determination within fourteen days of the date of the Court's order. The parties were granted ten (10) court days (plus three (3) days for mailing) to file objections to the Findings and Recommendation.

Neither party filed objections. Therefore, on March 22, 2007, the undersigned adopted the Findings and Recommendation in full and judgment was entered. (Court Docs. 6, 7.)

1

1  On April 27, 2007, Petitioner filed a motion to enforcement the judgment of March 22,
2  2007.  On May 9, 2007, the Court directed Respondent to notify the Court within fourteen (14)
3  days from the date of service, whether he has complied with the order of March 22, 2007.
4  Respondent filed its notice of compliance on May 9, 2007.  Respondent submits a form
5  entitled "Institutional Referral for CCC Placement," dated February 27, 2007, which indicates
6  that Petitioner was evaluated "without reference to the time constraints imposed by 28 C.F.R. §
7  570.20-21 or the 2002 and 2005 Community Corrections Policies."  Attachment 1, Court Doc.
8  10.  As a result of this evaluation, it was recommended that Petitioner spend 15-30 days in an
9  RRC prior to his release.
10  On May 17, 2007, Petitioner filed an opposition to Respondent's notice of compliance.
11  Petitioner argues that prison officials have never discussed any referral for placement and transfer
12  to an appropriate RRC, and the re-evaluation was conducted without his knowledge and in his
13  absence.  Petitioner further argues that the BOP is using Program Statement 7310.04 to
14  circumvent this Court's order.
15  First, Petitioner cites no authority for proposition that he must be present during the
16  referral for placement and transfer to an RRC.  Respondent states the evaluation was conducted
17  in compliance with the Order. There is no evidence to find otherwise. Second, Program
18  Statement 7310.04, Community Correction Center (CCC) Utilization and Transfer Procedure,
19  (12-16-1998), does not require an assessment be conducted until 11-13 months from the date of
20  Petitioner's projected release date.  There is no authority of which this Court has been alerted to
21  which would require the BOP to conduct an RRC eligibility review or immediately transfer an
22  inmate to an RRC upon an inmate's demand. Rather, the BOP retains the *discretion* to transfer
23  the inmate at any time during his or her incarceration, and only has the *duty* to consider an inmate
24  for transfer in the last six months of the sentence. 18 U.S.C. § 3624(c); Elwood v. Jeter, 386 F.3d
25  842, 847 (8th Cir.2004). Thus, to the extent that Petitioner requests an immediate transfer, it must
26  be denied.
27  Even though Petitioner does not challenge Program Statement 7310.04 in this petition,
28  the potential claim would be meritless. Program Statement 7310.04 does not limit the BOP's

discretion like 28 C.F.R. §§ 570.20, 570.21. It only requires the BOP conduct an assessment within 11 to 13 months from the date of the projected release date, thereby assuring the inmate receives a timely assessment. The program statement does not preclude the BOP from exercising its discretion and conducting an assessment at any time during an inmate's sentence. Therefore, the program statement does not run afoul of 18 U.S.C. § 3621(b).

Accordingly, Petitioner's objection is noted and rejected, and Petitioner's motion to enforce the judgment of March 22, 2007, is DENIED.

IT IS SO ORDERED.

**Dated:**   **June 13, 2007**                                /s/ **Anthony W. Ishii**
                                                                                               UNITED STATES DISTRICT JUDGE